UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) CASE NO: 1:23-CR-00034 |
| | ) |
| NICHOLAS KRAUSS, | ) |
| | ) |
| DEFENDANT. | ) |

## ADVICE OF RIGHTS AND WAIVER OF CONFLICT OF INTEREST

I, **Nicholas Krauss**, have asked Marina Medvin, Esq., to jointly represent me and another defendant in this case, **David Krauss.**

I understand that the United States Constitution gives every defendant the right to be represented by the attorney of his choice and the right to effective assistance of that counsel.

I understand that each defendant has the right to a lawyer who represents him and only him.

I understand that whenever two defendants have been jointly charged or have been joined together for trial and seek to be represented by the same attorney, a conflict of interest arises and must be waived in order to proceed with the joint representation.

I understand that each defendant has a right to attorney-client confidentiality when working with his own lawyer. I also understand that confidentiality is no longer between a defendant and his lawyer if the lawyer represents another defendant, that confidentiality shifts to being between the lawyer and her two defendants — meaning statements made to the attorney by

one defendant cannot be held confidential from the other defendant that this lawyer represents through joint representation.

I understand that a conflict of interest can develop in a criminal case in a myriad of ways, including, but not limited to:

- A. Evidence that helps one defendant might harm another defendant's case, rendering the interests of the defendants at odds with one another.

- B. The government may offer to recommend a lesser sentence to one defendant if he cooperates with the government against the other defendant, rendering the interests of the defendants at odds with one another.

- C. The government may let a defendant who is not as involved as other defendants plead guilty to lesser charges than the other defendants, and condition the plea on requiring the defendant to testify against the co-defendant, thereby rendering the interests of the defendants at odds with one another.

- D. The defendants may disagree on whether the case should proceed to trial or resolve through a plea deal, and the defendants may disagree on whether a trial should be held before a jury or a judge, potentially rendering the interests of the defendants at odds with one another.

- E. Sometimes one of the defendants may decide to take the stand to testify in his own behalf. In order to represent the other defendant fairly the lawyer should question the defendant on the stand as completely as possible. A conflict may arise putting the interests of the defendants at odds with one another.

F. The best defense for a co-defendant may be the argument that while the other defendant is guilty, he is not. A lawyer representing two defendants cannot effectively make such an argument.

I understand that while each defendant has the right to a lawyer of his own, each defendant can also give up that right if he so chooses.

I, **Nicholas Krauss**, know that I have a right to be represented exclusively by my own attorney, but I wish to give up that right. I want Marina Medvin as my lawyer, even though she represents another defendant in this case, **David Krauss**, my father. I understand that I am waiving the lawyer's conflict of interest in representing me together with a co-defendant.

Although the interests of both defendants are generally consistent in this matter at this time, I acknowledge, recognize, and understand that differences may exist or become evident during the course of joint representation. Notwithstanding these possibilities, I have determined that it is in my best interest, at this time, to have a single lawyer represent me jointly with a codefendant in connection with this matter.

Signature to waive the conflict of interest:    Date:

*[signature]*    2-9-23